The opinion of the court was delivered by
Mare, J..
Joseph A. Gagnó was administrator of the succession, and tutor of the minor children of Frank Gagné.
In the course of administration he provoked the sale of certain property belonging to the succession ; and at this sale his wife, claiming to be separate in property by judgment of the district court, purchased a block of brick stores in the town of Houma, at the appraised value,-$3000. He also rendered accounts, provisional and final, which were homologated ; and he was discharged from his office as administrator. Subsequently he filed his account as tutor, and resigned the tutorship ; and Mrs. Fields became dative tutrix.
In her capacity as tutrix Mrs. Fields brought this suit in the parish court of Terrebonne against the former administrator and tutor and his wife, the objects of which are, as stated in the prayer of the petition, to obtain judgment annulling and setting aside the sale of the sueces *183 sion property to Mrs. Gagné; annulling and disregarding as absolutely null the judgment in favor of Mrs. Gagné against her husband decreeing a separation in property, and awarding her $1200 : annulling the several judgments homologating the different accounts rendered by Gagné as administrator and tutor, and the proceedings by which he in his capacity as tutor renounced, in behalf of the minors, the succession of their father, and the community which existed between their father and mother; and to compel him to render a full and complete account, etc.
Both defendants excepted ; but as this appeal is from the judgment maintaining the exception taken by the wife, and dismissing the suit as to her, and brings up for review nothing but that judgment, it will not' be necessary to consider that part of the case and pleadings having reference to the husband and his gestión as administrator and tutor. The views which we entertain require us to pass upon but one of the several grounds of exception relied upon by Mrs. Gagné; and that is the want of jurisdiction by the parish court:
1. To annul the sale of the property in question, because the value exceeds $500;
2. To annul the judgment of separation, because it was not rendered in the parish court; and because the amount involved exceeds $500.
First. The nullity of the sale is not demanded by reason of any alleged defect in the order of sale ; but because of the alleged nullity of the judgment of separation, and the consequent continued existence of the community; and the incapacity of the wife, presumed to be merely a person interposed, to purchase property of a succession, at a probate sale, provoked by her husband, who was administrator. The object of the demand, so far as it relates to Mrs. Gagne, is to recover the prop- • erty. It is an action of revendication, as to her, involving purely a question of title to real estate, the value of which greatly exceeds $500. Such a demand is in no sense a probate case. If the succession of Frank Gagné were still open and in course of administration, the administrator could not maintain an action in the £ arish court to recover this property of Mrs. Gagné, because such a suit is of ordinary civil jurisdiction ; and the value is in excess of the limit of civil jurisdiction conferred upon that court by the constitution; art. 87. When Joseph A. Gagné filed his final account, and was discharged as administrator, the succession was closed, and the heirs went into possession through him in his capacity as tutor. When he resigned, and Mrs. Fields was appointed tutrix in his stead, she was not the administratrix; she was the legal representative of the minors ; and any demand against them or in their behalf, exceeding in amount $500, would be cognizable only in the district court.
*184 Second. If the judgment of separation was an absolute nullity, it might not be necessary in order to revendicate property, the title to which depended upon the validity of that judgment, to demand formally by suit the nullity of that judgment; but the prayer in this case is : “That there be judgment annulling and disregarding as absolutely null-the judgment of separation of property,” etc. The parish court was not asked, in a collateral proceeding, to disregard a judgment set up as a muniment of title, because of its absolute nullity; but to render a judgmént annulling it. This the parish court had no power or jurisdiction to do, because that judgment was rendered in the district court, and a judgment annulling it, in a suit formally demanding the nullity, could only be obtained in that court. Besides, that judgment decreed not merely the dissolution of the community, the separation of property, and the right of Mrs. Gagne to administer her separate property, but also that she recover of her husband the sum of $1229 ; a pecuniary value of which the parish court could not take cognizance.
The judgment appealed from is therefore affirmed with costs.